UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DOUGLAS MCPHERSON, | ) |
| Plaintiff, | ) Case No. 1:12-cv-246 |
| v. | ) Honorable Paul L. Maloney |
| SHAUNA DUNNINGS, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This is a civil action brought *in pro per* by a resident of Columbia, Tennessee. The only named defendant is Shauna Dunnings, the Friend of the Court for Ingham County, Michigan. Plaintiff's *pro se* complaint invokes the federal-question jurisdiction of this court, 28 U.S.C. § 1331, and then cites several federal statutes, including the Administrative Procedures Act, the Consumer Credit Protection Act, and Title IV of the Social Security Act. Beyond that, the allegations of the complaint are incomprehensible. Specifically, plaintiff does not allege any act or omission by defendant Shauna Dunnings (whom he sometimes refers to as "Contracting Agent") that might be deemed in derogation of plaintiff's rights. For relief, plaintiff seeks injunctive relief of an unidentified nature and "settlement of alleged accounting according to law." He also seeks a declaratory judgment that he is entitled to a "right of review," but fails to identify exactly what proceedings he believes should be reviewed.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950).

The Supreme Court has emphasized that a plaintiff seeking relief in federal court is required by Rule 8 of the Federal Rules of civil procedure to set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See Twombly*, 550 U.S. at 557. Rather than alleging facts demonstrating the existence of a federal claim, plaintiff has set forth an incomprehensible series of pseudo-legalese statements. The complaint does not disclose what the relationship, if any, is between plaintiff and the Ingham County Friend of the Court. One may surmise that plaintiff is somehow involved in family law proceedings in the circuit court of that

county and that the Friend of the Court is playing some role in those proceedings. This is merely a surmise based on the identity of the defendant, as plaintiff's complaint is completely devoid of any factual context. The complaint makes repeated references to Title IV of the Social Security Act, which establishes a system of block grants to the States for the purpose of funding temporary assistance to needy families. Plaintiff does not explain how this exercise by Congress of the Spending Power affects him. In fact, Title IV expressly negates the implication of any entitlement for an individual or family to assistance under any State program funded by the Act. 42 U.S.C. § 601(b). The only civil actions contemplated under Title IV are state enforcement actions in the district court against non-custodial parents. 42 U.S.C. §§ 652(a)(8), 660. Plaintiff fails to allege any non-frivolous basis for a personal claim under Title IV.

Plaintiff apparently seeks to interfere with a pending state-court matter by the initiation of this action against the Ingham County Friend of the Court. His complaint fails to state any claim upon which relief can be granted against Ms. Dunnings.

## Recommended Disposition

I recommend that the complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Dated:   March 27, 2012          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).