UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS MCPHERSON,<br>　　　　Plaintiff,<br><br>-v-<br><br>SHAUNA DUNNINGS,<br>　　　　Defendant. | No. 1:12-cv-246<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

On March 14, 2012, Plaintiff Douglas McPherson, proceeding *in forma pauperis*, filed with this court a document titled "Notice of Removal," alleging several causes of action against Defendant Shauna Dunnings, and requesting injunctive and declaratory relief. The magistrate judge interpreted this document as a complaint and initiated review per 28 U.S.C. § 1915(e)(2), ultimately issuing a Report and Recommendation that the complaint should be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 4.) Before the court today are Mr. McPherson's objections to that report and recommendation. (ECF No. 7.)

**I.　STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an

issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**II. DISCUSSION**

Mr. McPherson's objection argues that his initial filing was "intended to notify this Court of his intent to file a *pro se* complaint." He notes that he has since filed that complaint (docketed as an amended complaint at ECF No. 6).

The magistrate judge properly construed Mr. McPherson's first filing as a complaint, as it purported to raise causes of action against the defendant and asked the court for both injunctive and declaratory relief. Contrary to Mr. McPherson's suggestion, the rules of this court do not provide for notices of intent to file complaints, and his after-the-fact characterization of his filing as such is unpersuasive. Further, this court agrees with the magistrate judge's analysis of that complaint. Mr. McPherson entirely failed to set forth allegations showing that he was actually entitled to relief. On that basis, dismissal is proper here.

Mr. McPherson's later-filed "complaint" (ECF No. 6)—properly construed as an amended complaint—does not change this result. Under Sixth Circuit precedent, *in forma pauperis* plaintiffs are not permitted to amend their complaints to avoid *sua sponte* dismissal under section 1915. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–12 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). Where such a complaint fails to state a claim upon which relief may be granted, a court in the Sixth Circuit has "no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Id.* at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *Id.* Mr. McPherson's complaint did, and the court therefore does. Mr. McPherson's objection is

OVERRULED.

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 4) is **ADOPTED**, over objections, as the opinion of this court. Plaintiff McPherson's complaint is hereby **DISMISSED** under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**


Date:  June 29, 2012                                               /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    Chief United States District Judge